IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CR-00105-F-5
No. 5:15-CV-00585-F

| | |
|---|---|
| KAMIE JO HEFNER, )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | ORDER |

This matter is before the court on the following motions: the Government's Motion to Dismiss [DE-190] Kamie Jo Hefner's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-180]; and her Motion for Reconsideration [DE-211]. The issues have been fully briefed, and the matters are now ripe for ruling. For the reasons set forth below, the Government's Motion to Dismiss is ALLOWED, Hefner's Motion to Vacate is DENIED, and her Motion for Reconsideration is DENIED.

**I. Factual and Procedural Background**

On March 28, 2012, Hefner was charged in two counts of a twelve-count indictment. *See* Indictment [DE-6]. In Count One, Hefner was charged with conspiracy to manufacture, distribute, dispense, and possess with intent to distribute five hundred grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. Count Twelve charged Hefner with possession of pseudoephedrine with intent to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(1).

At Hefner's arraignment, held on January 14, 2013, she pled guilty to Count One pursuant to a written plea agreement [DE-90]. It was agreed that the Government would move to

dismiss Count Twelve at Hefner's sentencing. *Id.* at 5.

Hefner's sentencing hearing was held on July 17, 2013. Hefner was sentenced to 120 months' imprisonment on Count One. *See* Judgment [DE-155]. Hefner did not appeal her judgment.

On November 9, 2015, Hefner filed the instant *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-180]. In her § 2255 motion, Hefner contends that she was improperly treated as a career offender in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Mot. Vacate [DE-180] at 4. On December 16, 2015, the Government filed a Motion to Dismiss [DE-190], arguing that Hefner failed to state a claim upon which relief can be granted.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

2

conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor

"accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore

Mkts.*, 213 F.3d at 180.

### III. Discussion

#### A. Motion to Vacate

##### 1. Hefner's claim is barred by the waiver in her plea agreement.

Hefner's plea agreement contained a waiver of her right to challenge her conviction or

sentence under 28 U.S.C. § 2255, except in limited circumstances. Such a waiver is enforceable

if the defendant waives this right knowingly and voluntarily. *See United States v. Lemaster*, 403

F.3d 216, 220 (4th Cir. 2005). The determination regarding whether a waiver is knowing and

voluntary depends "upon the particular facts and circumstances surrounding that case, including

the background, experience and conduct of the accused." *United States v. Davis*, 954 F.2d 182,

186 (4th Cir. 1992) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). The truth of sworn

statements made during a Rule 11 colloquy is conclusively established, absent extraordinary

circumstances. *Lemaster*, 403 F.3d at 221-22.

In this case, Hefner's plea agreement, which she signed and agreed to in open court,

contains the following waiver:

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to
> appeal whatever sentence is imposed, including any issues that relate to the
> establishment of the advisory Guideline range, reserving only the right to appeal from
> a sentence in excess of the applicable advisory Guideline range that is established at
> sentencing, and further to waive all rights to contest the conviction or sentence in any
> post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting

3

an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Plea Agreement [DE-90] at 1-2. The court finds that Hefner's waiver was both knowing and voluntary. Moreover, even if it were not, Hefner is foreclosed from raising the issue because she did not raise it on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.").

Hefner's claim that she was improperly treated as a career offender in light of *Johnson* is not based on ineffective assistance of counsel or prosecutorial misconduct not known to her at the time of her guilty plea. Accordingly, Hefner has waived the right to pursue this claim.

### 2. Hefner's claim fails on the merits.

Even if Hefner had not waived the right to bring her claim, her claim fails on the merits. A review of the record reveals that Hefner was not sentenced as a career offender.[1] *See* PSR [DE-138] at 20 ¶ 59. Consequently, Hefner's claim must be dismissed.

### B. Motion for Reconsideration

Hefner's next motion before the court is a Motion for Reconsideration [DE-211]. In her motion, Hefner moves for reconsideration of her case in light of the Supreme Court's recent decision in *Welch v. United States*, 136 S. Ct. 1257 (2016). *Id.* at 1.

In *Welch*, the Supreme Court held that *Johnson*, 135 S. Ct. at 2551 (invalidated the

---

[1] A career offender is a defendant: (1) who is "at least eighteen years old at the time the defendant committed the instant offense of conviction"; (2) whose instant offense is "a felony that is either a crime of violence or a controlled substance offense"; and (3) who "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a)

4

residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii)), applies retroactively to cases on collateral review. 136 S. Ct. at 1268. Hefner was not sentenced as an armed career criminal, and she has failed to show that *Welch* otherwise provides her any relief. Accordingly, Hefner's Motion for Reconsideration [DE-211] is DENIED.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-190] is ALLOWED, Hefner's Motion to Vacate [DE-180] is DENIED, and her Motion for Reconsideration [DE-211] is DENIED.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

The court concludes that Hefner has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 27th day of May, 2016.

James C. Fox
Senior United States District Judge