IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CR-105-BO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff, | )<br>)<br>) |
| v. | )     O R D E R |
| KAMIE JO HEFNER,<br>　　　　Defendant. | )<br>)<br>)<br>) |

This matter is before the Court on defendant's motion for reduction of sentence [DE 223] and to modify her Presentence Report. [DE 231]. Both motions are ripe for disposition. For the following reasons, the motions are denied.

## BACKGROUND

On January 14, 2013, defendant pleaded guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute more than 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine. On July 17, 2013, defendant was sentenced to a term of 120 months' imprisonment. On November 2, 2016, defendant filed a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. Amendment 794. That motion was denied, as Amendment 794 is not one of the amendments that is retroactively applicable to defendants on collateral review. [DE 220]. Defendant filed the instant motion, asking for reconsideration of that decision. [DE 223]. She also moved to amend her Presentence Report [DE 231].

## DISCUSSION

First, defendant's motion under § 3582(c) is again denied. Defendant has moved for relief pursuant to Amendment 794. Amendment 794 lists factors to be considered by a sentencing court when sentencing a minor participant in a criminal conspiracy. U.S.S.G. § 3B1.2, Application Note 3(A).

A court's ability to modify a term of imprisonment after it has been imposed is limited. *United States v. Goodwin*, 596 F.3d 233, 235 (4th Cir. 2010). But a defendant who "has been sentenced to a term of imprisonment based on the sentencing range that has subsequently been lowered by the Sentencing Commission" may file a motion asking the court to reduce her sentence. 18 U.S.C. § 3582(c)(2). A § 3582(c) reduction based on a sentencing Guidelines amendment that lowers an applicable guideline range is only available when the amendment has been made retroactive on collateral review by the Sentencing Commission. *See* U.S.S.G. § 1B1.10(a). The Sentencing Commission did not make Amendment 794 retroactive on collateral review. U.S.S.G. § 1B1.10; *United States v. Price*, 2017 WL 2797490 (D. Md. June 27, 2017) (collecting cases). Therefore, it cannot sustain a § 3582(c) motion. Defendant's motion is DENIED.

Second, defendant has moved for changes to be made to her Presentence Report ("PSR"). [DE 231]. Specifically, defendant objects to a particular enhancement, because of the consequences of that enhancement. [DE 231 at 3]. Defendant's motion is essentially challenging the underlying basis of her sentencing, and her motion is asking the Court to modify it. As discussed above, this Court has narrow authority to do that. As this is not within those limited circumstances, defendant's motion is denied.

CONCLUSION

For the foregoing reasons, defendant's motion for reduction of sentence [DE 223] is DENIED and defendant's motion to modify her PSR [DE 231] is DENIED.

SO ORDERED.

This the __31__ day of August, 2018.

*(signature)*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE